# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO RESIDENCE, LTD.,

        **Plaintiff,**

v.                         Case No. 07-C-0138

NASHVILLE LODGING COMPANY,
NASHVILLE RESIDENCE CORPORATION,
KENNETH E. NELSON, and
METRIC PARTNERS GROWTH
SUITE INVESTORS, L.P.,

        **Defendants.**

# DECISION AND ORDER

On January 11, 2007, plaintiff Orlando Residence, Ltd. ("Orlando Residence") filed a foreign judgment in the Circuit Court for Ozaukee County, Wisconsin. On February 9, 2007, Kenneth E. Nelson ("Nelson"), a citizen of Wisconsin, filed a notice of removal of the action to this Court, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

In short order, Orlando Residence filed a Local Rule 7.4 expedited non-dispositive motion to remand for lack of subject matter jurisdiction. Orlando Residence relies upon the second sentence of 28 U.S.C. § 1441(b) which provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined**

**and served as defendants is a citizen of the State
in which such action is brought.**

(emphasis added.) Orlando Residence contends that, because defendant Nelson is a citizen of Wisconsin, he may not remove the case to federal court based solely on diversity jurisdiction. Orlando Residence requests an award of just costs and any actual expenses, including attorney's fees pursuant of 28 U.S.C. § 1447(c).

Nelson does not oppose remand, conceding that under the "forum defendant" rule, Orlando Residence has the right to insist on remand. But, Nelson states that the forum defendant rule is not jurisdictional and may be waived. Nelson requests that the Court decline to award attorney's fees.

Since Nelson could not properly remove the action, Orlando Residence's uncontested motion for remand is granted. The only contested question is whether to award just costs and actual expenses.

Section 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The provision applies when a case is remanded either on jurisdictional or procedural grounds. *LaMotte v. Roundy's, Inc.,* 27 F.3d 314, 316 (7th Cir. 1994). An award of fees under § 1447(c) is left to this Court's discretion, "with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 710 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove

as a general matter, when the statutory criteria are satisfied." *Id*. at 711. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id*. Conversely, when an objectively reasonable basis exists, fees should be denied. *Id*.

Nelson is correct in his assertion that the forum defendant rule is non jurisdictional and may be waived. *See Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). However, section 1441(b) expressly provides that the case was not removable to federal court, since a properly served and joined defendant, Nelson, is a citizen of the forum state. Under the circumstances, this Court cannot conclude that Nelson acted in an objectively reasonable way in removing the case.

While Nelson may have hoped that Orlando Residence would not recognize the defect in removal within the 30-day period for raising procedural objections or that Orlando Residence would be willing to remain in federal court, Nelson's decision to remove the action to federal court was not objectively reasonable. Therefore, pursuant to 28 U.S.C. § 1447(c), this Court will require that Nelson pay Orlando Residence's just costs and actual expenses, including attorney fees, incurred as a result of the removal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Orlando Residence's motion to remand (Docket No. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1447, this matter is **REMANDED** to the Circuit Court for Ozaukee County,

Wisconsin and pursuant 28 U.S.C. § 1447(c), Nelson **SHALL** pay Orlando Residence's just costs and actual expenses, including attorney fees, incurred as a result of the removal.

**By March 23, 2007**, Orlando Residence **SHALL** submit a petition for just costs and reasonable expenses with supporting materials. The briefing of such petition shall be governed by Civil L.R. 7.1 (E. D. Wis.).

The Clerk of Court **SHALL** send a certified copy of this decision and order of remand to the Ozaukee County Circuit Court Clerk of the Court, and the State court may thereupon proceed with such case.

Dated at Milwaukee, Wisconsin this 15th day of March, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**